Matter of Altman (2016 NY Slip Op 00442)





Matter of Altman


2016 NY Slip Op 00442


Decided on January 26, 2016


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2016
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Rolando T. Acosta
Dianne T. Renwick
Sallie Manzanet-Daniels
Judith J. Gische,Justices.


M-4137 M-2324 

[*1]In the Matter of Steven Altman, an attorney and counselor-at-law: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Steven Altman, Respondent.



Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Steven Altman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 18, 1987.



Jorge Dopico, Chief Counsel, Departmental
Disciplinary Committee, New York
(Kevin P. Culley, of counsel), for petitioner.
Sarah Diane McShea, for respondent.
M-2324 (September 14, 2015)



PER CURIAM


Respondent Steven Altman was admitted to the practice of law in the State of New York by the Second Judicial Department on March 18, 1987. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
In 2004, respondent represented a family friend pro bono, and attempted to negotiate a severance agreement with her former employer. The friend's former employer, a broker dealer, was at the time the subject of an administrative proceeding before the Securities Exchange [*2]Commission. Respondent offered, without the friend's knowledge, to have her either avoid testifying or falsely testify in the SEC proceeding if her former employer agreed to the proposed severance agreement. The employer's counsel taped his telephone conversations with respondent and disclosed them during the course of impeaching the employee while she was testifying in the SEC proceeding.
The SEC brought a separate proceeding against respondent on account of the taped conversations. Following a hearing, an SEC ALJ made misconduct findings and suspended respondent from appearing before the SEC for nine months. On appeal, the SEC affirmed the misconduct findings but increased the sanction and permanently barred respondent from practicing before the SEC. Respondent unsuccessfully appealed to the District of Columbia (Altman v Securities Exch. Commn., 666 F3d 1322 [DC Cir 2011]).
By unpublished order dated February 3, 2014 (M-4107), this Court granted the Departmental Disciplinary Committee's (Committee) petition for an order giving collateral estoppel effect to a November 10, 2010 decision by the SEC confirming an ALJ's findings that respondent intentionally offered to have his client testify falsely in an SEC administrative proceeding, and permanently barred respondent from appearing or practicing before the SEC. This Court found, based on the aforementioned order, that respondent had violated Code of Professional Responsibility DR 1-102(a)(4) (22 NYCRR 1200.3[a][4]) (conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1-102(a)(5) (22 NYCRR 1200.3[a][5]) (conduct prejudicial to the administration of justice), and DR 1-102(a)(7) (22 NYCRR 1200.3[a][7]) (other conduct adversely reflecting on fitness as a lawyer), and referred the matter to a Hearing Panel for a sanction hearing. By report dated October 27, 2014, the Hearing Panel recommended that respondent be suspended for a period of one year.
The Committee now seeks an order, pursuant to Judiciary Law § 90(2) and the Rules of the Appellate Division, First Department (22 NYCRR) § 605.15, confirming the Hearing Panel's findings of fact and conclusions of law; sanctioning respondent as this Court deems appropriate; and granting such other and further relief as this Court deems just and proper.
Respondent cross-moves for an order confirming the Hearing Panel's report insofar as it found that respondent had presented substantial mitigation; disaffirming the Hearing Panel's findings as to aggravation and recommendation of a one-year suspension; imposing a sanction of no greater than a public censure, a short suspension of six months or less, or, in the alternative, a "suspended" suspension with such conditions as this Court deems appropriate; and sealing of the record with respect to the testimony of two of respondent's character witnesses.
As this is a collateral estoppel proceeding in which this Court has already made misconduct findings, the only issue is the sanction to be imposed. In cases involving similar misconduct, sanctions have ranged from disbarment to suspensions of varying length (see e.g. Matter of Novins, 119 AD3d 37 [1st Dept 2014]; Matter of Gen, 29 AD3d 230 [1st Dept 2006]); Matter of Posner, 136 AD2d 236 [2d Dept 1988], lv denied 73 NY2d 703 [1988]).
We find an 18-month suspension to be appropriate under the circumstances. Such a suspension acknowledges the gravity of respondent's misconduct and the previous misrepresentations regarding his disciplinary history, while at the same time taking into account the mitigation, namely, respondent's condition and recovery efforts, and his community service.
Accordingly, the Committee's motion should be granted, and respondent suspended from the practice of law in the State of New York for a period of 18 months, and until further order of this Court. The cross motion is granted to the extent of confirming the Hearing Panel's mitigation findings, and sealing the portions of the testimony of the two character witnesses relating to respondent's recovery, as well as other portions of the record and the instant motion papers which make reference thereto.
All concur.
Order filed. [January 26, 2016]
Friedman, J.P., Acosta, Renwick, Manzanet-Daniels, and Gische, JJ.
THE FOLLOWING MOTION ORDERS
WERE ENTERED AND FILED ON
JANUARY 26, 2016
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5547 Essilfie-Obeng v Ahyia - Davis
M-6252X Signature Partners, LLC v AppNexus, Inc.
M-6308X Malave v Ciso - Moses Taxi, Inc.
M-6387X Chisolm v Sow - Amar
M-6389X Donhoeffner v Hayduk
M-6407 D. F. v C.
M-6126X Neumann v The Guardian Life Insurance Company of America
Appeals withdrawn.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5548X Three Boroughs LLC v True Colors Residence Housing Development Fund Corporation - 251 West 154th Street LLC - C & A General Contracting Corp.
(And other third-party actions)
Appeal and cross appeal withdrawn.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5664 Martin v Pena
Appeal, previously perfected, withdrawn.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5309 In the Matter of Worby Groner Edelman LLP v Napoli, Bern & Associates, LLP
Motion deemed withdrawn.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-2956 People v Cross, Thomas
Motion withdrawn.
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5766 In the Matter of C., Ronald v B., Sherry
Leave to prosecute appeal as a poor person granted, as indicated. (See M-5880 and M-5791, decided simultaneously herewith).
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5791 In the Matter of C., Ronald v B., Sherry
Leave to respond to appeal as a poor person granted, as indicated. (See M-5766 and M-5880, decided simultaneously herewith).
Tom, J.P., Mazzarelli, Friedman, Sweeny, Acosta, JJ.
M-5880 In the Matter of C., Ronald v B., Sherry
Leave to respond to appeal as a poor person granted, as indicated. (See M-5766 and M-5791, decided simultaneously herewith).
Tom, J.P., Mazzarelli, Richter, Gische, JJ.
M-5596 Jaeger v Spirit Bear Limited
Stay denied.
Tom, J.P., Friedman, Sweeny, Renwick, Andrias, JJ.
M-5900 Stolzman v The City of New York
Time to perfect appeal enlarged to the June 2016 Term.
Tom, J.P., Friedman, Sweeny, Renwick, Andrias, JJ.
M-6094 Curry v Hundreds of Hats, Inc.
Time to perfect appeal enlarged to the June 2016 Term.
Tom, J.P., Friedman, Sweeny, Renwick, Andrias, JJ.
M-6091 Oquendo v The City of New York
Time to perfect consolidated appeals enlarged to the June 2016 Term.
Tom, J.P., Friedman, Saxe, Kapnick, JJ.
M-5970 People v Hovan, Richard
Time to perfect appeal enlarged to the June 2016 Term. Motion otherwise denied.
Tom, J.P., Sweeny, Richter, Manzanet-Daniels, JJ.
M-5967 People v Falero, Christian
Time to perfect appeal enlarged to the May 2016 Term.
Tom, J.P., Sweeny, Richter, Manzanet-Daniels, JJ.
M-6033 In the Matter of G., Coleen C. v M., Luis
Time to perfect appeal enlarged to the May 2016 Term.
Tom, J.P., Sweeny, Richter, Manzanet-Daniels, JJ.
M-5966 Achee v Motor Vehicle Accident Indemnification Corporation
Time to perfect appeal enlarged to the June 2016 Term.
Tom, J.P., Sweeny, Renwick, Manzanet-Daniels, JJ.
M-5402 Martin Operating Corp. v TMM Group, Inc. - Grunitzky
Appeal withdrawn.
Tom, J.P., Sweeny, Gische, Kapnick, JJ.
M-6263 Genger v Genger
M-3
Brief filed by Sagi Genger 1993 Trust striken; caption amended to the extent indicated (M-6263/M-3).
Tom, J.P., Renwick, Saxe, Kapnick, JJ.
M-5655 People v Caparla, Laura
Notice of appeal deemed timely filed; leave to prosecute appeal as a poor person granted, as indicated.
Tom, J.P., Renwick, Saxe, Kapnick, JJ.
M-5642 People v Williams, Demetrius
Counsel substituted.
Tom, J.P., Renwick, Saxe, Kapnick, JJ.
M-5586 People v Barry, Hamadou
Leave to prosecute appeal as a poor person granted, as indicated.
Mazzarelli, J.P., Friedman, Gische, Kapnick, JJ.
M-5982 Wilks v Metropolitan Transportation Authority
Leave to prosecute appeal as a poor person denied.
Mazzarelli, J.P., Friedman, Gische, Kapnick, JJ.
M-6009 In the Matter of Gonzalez v New York City Housing Authority
Leave to prosecute proceeding as a poor person denied, as indicated.
Mazzarelli, J.P., Acosta, Andrias, Moskowitz, JJ.
M-6119 Sheppard v Sheppard - Daniels - Daniels Wilhelmina Funeral Home, Inc.
Leave to prosecute appeal as a poor person denied.
Mazzarelli, J.P., Acosta, Andrias, Moskowitz, JJ.
M-5950 Suarez v New York City Transit Authority
Time to perfect appeal enlarged to the May 2016 Term.
Mazzarelli, J.P., Acosta, Andrias, Moskowitz, JJ.
M-6022 Luperon, also known as Luperon Reyes v The City of New York - Suero v The City of New York
Time to perfect appeal enlarged to the May 2016 Term.
Mazzarelli, J.P., Acosta, Andrias, Moskowitz, JJ.
M-5949 In the Matter of Stone Column Trading House Limited v Beogradska Banka A.D. in Bankruptcy
Time to perfect appeal enlarged to the June 2016 Term, as indicated.
Mazzarelli, J.P., Acosta, Andrias, Moskowitz, JJ.
M-5905 Mann v 62nd Street East Inc.
Time to perfect appeal enlarged to the June 2016 Term.
Mazzarelli, J.P., Richter, Manzanet-Daniels, Kapnick, JJ.
M-5484 First Lenox Terrace Assoc. v Garland
CPLR 5704 (a) relief denied; interim relief granted by a Justice of this Court on October 28, 2015 vacated.
Friedman, J.P., Sweeny, Saxe, Moskowitz, JJ.
M-5745 Tenpica, Inc. v Kriete - Park Avenue Interiors, Inc.
Leave to withdraw as counsel granted. Time to perfect appeal enlarged to the June 2016 Term.
Friedman, J.P., Sweeny, Saxe, Moskowitz, JJ.
M-5727 People v Walker, Walter
Notice of appeal deemed timely filed; leave to prosecute appeal as a poor person granted, as indicated.
Friedman, J.P., Sweeny, Saxe, Moskowitz, JJ.
M-5654 People v Akino, George
Dismissal of appeal denied; leave to prosecute appeal as a poor person granted, as indicated.
Friedman, J.P., Sweeny, Saxe, Moskowitz, JJ.
M-3345 In the Matter of State of New York v B., C.
Notice of appeal deemed timely filed; leave to prosecute appeal as a poor person granted, as indicated.
Friedman, J.P., Andrias, Gische, Kapnick, JJ.
M-5599 People v Edwards, William L.
Counsel substituted.
Friedman, J.P., Andrias, Gische, Kapnick, JJ.
M-5620 People v Roundtree, Juel
Counsel substituted.
Sweeny, J.P., Renwick, Manzanet-Daniels, Gische, JJ.
M-6016 Irene Garage Corp. v Hirstan Associates
Time to perfect appeal enlarged to the June 2016 Term.
Acosta, J.P., Andrias, Manzanet-Daniels, Kapnick, JJ.
M-4433 People ex rel. Perez, Rafael v Warden
Writ of habeas corpus denied.
Renwick, J.P., Andrias, Saxe, Moskowitz, JJ.
M-5713 Green v Domino's Pizza LLC
Time to perfect appeal enlarged to the May 2016 Term.
Renwick, J.P., Andrias, Saxe, Moskowitz, JJ.
M-6066 Ullah v Ullah
Leave to prosecute appeal as a poor person denied, with leave to renew, as indicated.
Renwick, J.P., Andrias, Saxe, Moskowitz, JJ.
M-6018 Malinowski v 108 Perry LLC
Time to perfect appeal enlarged to the June 2016 Term.
Friedman, J.
M-3787 People v Madrigal, Diomedez, also known as Pujols, Rafael
Leave to appeal to this Court denied.Friedman, J.
M-3796 People v Williams, Ernest
Leave to appeal to this Court denied.
Mazzarelli, J.P., Friedman, Sweeny, Saxe, Kapnick, JJ.
In the Matter of Attorneys Who Are in Violation
of Judiciary Law Section 468-a:
M-6480 Kerri Ann Devine, admitted on 5-12-1997,
at a Term of the Appellate Division,
First Department
Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. All concur.
Friedman, J.P., Acosta, Renwick, Manzanet-Daniels, Gische, JJ.
M-2324 In the Matter of Steven Altman,
M-4137 an attorney and counselor-at-law:
Respondent suspended from the practice of law in
the State of New York for a period of 18 months, effective February 25, 2016, and until further order of this Court
(M-2324). The Hearing Panel's mitigation findings confirmed, and portions of testimony of two character witnesses sealed, as indicated (M-4137). Opinion Per Curiam. All concur.
Friedman, J.P., Acosta, Renwick, Andrias, Moskowitz, JJ.
M-4538 In the Matter of Bradley D. Shaw
(admitted as Bradley Daniel Shaw),
an attorney and counselor-at-law:
Respondent publicly censured. Opinion Per Curiam. All concur.